## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY ALVAREZ, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-2743 |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, *et al.,* | : | |
| *Defendants.* | : | |

### MEMORANDUM

**Pappert, J.**                                                                    **June 12, 2026**

Plaintiff Anthony Alvarez claims that his constitutional rights were violated during a criminal proceeding before the Philadelphia Court of Common Pleas. The Court will grant Alvarez's application to proceed *in forma pauperis* and screen his Amended Complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained below, the Amended Complaint will be dismissed.

I

Alvarez names the Commonwealth as the sole Defendant and bases his claims on his May 5, 2026 criminal conviction for aggravated assault in the Philadelphia Court

---

[1] Alvarez initiated this action by filing a Complaint. (*See* Dkt. No. 1.) After filing his Complaint, Alvarez filed a Motion to Expedite Relief, in which he included factual allegations and requests for relief that were not included in his Complaint. (*See* Dkt. No. 4.) The Court denied Alvarez's Motion to Expedite and warned him that it cannot consider allegations not in his operative pleadings because "the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings." (Dkt. No. 5 at 2 n.1.) Alvarez thereafter filed an Amended Complaint (Dkt. No. 10), which he was permitted to do, *see* Fed. R. Civ. P. 15(a)(1). The Amended Complaint serves as the governing pleading in the case and supersedes the prior Complaint. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)). The Court adopts the pagination supplied by the CM/ECF docketing system.

of Common Pleas.[2]  *See Commonwealth v. Alvarez*, CP-51-CR-0008174-2025 (C.P. Phila.).  His sentencing hearing is scheduled for July 21, 2026.  *Id.*  Alvarez alleges that his constitutional rights were violated by the two judges who presided over the criminal proceeding, the prosecutor, and his criminal defense attorney.  (Am. Compl. at 2-10.)  He states that Judge Deborah Watson-Stokes, who originally presided over the case, improperly reassigned the case to Judge Natasha Taylor-Smith instead of "send[ing] the case back to administration to be randomly assigned."  (*Id.* at 3, 6.)  He further states that Judge Taylor-Smith allegedly prevented him from obtaining evidence to support his defense, "uninvited [him] to the trial readiness conference," and denied his motions to recuse her and to proceed *pro se*, even after he shared that his appointed attorney was "ineffective."  (*Id.* at 4-7.)  The prosecutor and Alvarez's defense attorney allegedly "lied" to the jury and failed to address the "falsified evidence" presented against him.  (*Id.* at 9-10.)  Alvarez alleges that the "triple corruption" of Judge Taylor-Smith, his defense attorney, and the prosecutor caused violations of his civil rights and his "wrongful convictions."  (*Id.* at 10-11.)

Based on these allegations, Alvarez asserts constitutional claims.  (*Id.* at 2.)  For relief, he seeks this Court's "intervention in an emergency fashion" to "overturn and completely dismiss the wrongful convictions."  (*Id.* at 11.)  In the alternative, he asks that this Court order that he be granted a new trial "with a fair judge" and court-appointed standby counsel.  (*Id.*)

II

---

[2] In his original Complaint, Alvarez also named Judge Natasha Taylor-Smith, Judge Deborah Watson-Stokes, and his attorney in the criminal matter, James T. Marsh.  (*See* Dkt. No. 1.)

The Court will grant Alvarez leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Amended Complaint if, among other things, it fails to state a claim. The Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). As Alvarez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Alvarez claims that his constitutional rights were violated during his state court criminal proceeding and requests that this Court intervene in the proceeding to "overturn and completely dismiss" the convictions or grant him a new trial. (*See* Am. Compl. at 11.) Alvarez's constitutional claims are asserted under 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought in federal court. However, Alvarez's claims are not cognizable in a civil rights action. When a state court criminal defendant seeks dismissal of criminal charges due to alleged constitutional violations,

3

his claims must be pursued in the state court or in a petition for a writ of habeas corpus filed in federal court.  *See Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."); *Duran v. Weeks*, 399 F. App'x 756, 759 (3d Cir. 2010) (*per curiam*) ("[T]o the extent that Duran is seeking dismissal of the charges against him as a result of constitutional violations, he is essentially asking for relief only available through habeas corpus."); *see generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.").

This means that Alvarez cannot challenge his convictions in a civil rights action such as this one and, rather, must pursue his claims in his state court criminal case or by filing a petition for a writ of habeas corpus.  *See Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").  In any event, there is no legitimate basis for a § 1983 claim against the Commonwealth.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Eleventh Amendment bars suits

4

against a state in federal court when the state has not waived that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). The Commonwealth of Pennsylvania has not waived that immunity here. *See* 42 Pa. Cons. Stat. § 8521(b). Additionally, the Commonwealth is not considered a "person" for purposes of § 1983. *See Will*, 491 U.S. at 69. Accordingly, Alvarez's Amended Complaint must be dismissed.

IV

For the foregoing reasons, the Court will grant Alvarez leave to proceed *in forma pauperis* and dismiss his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Leave to amend will not be given because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**